[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises from action of the Zoning Board of Appeals of the Town of Middlebury in two separate instances in denying CT Page 4862 applications of Triangulum Associates to allow them to renovate and remodel the Heritage Village Golf Course Pro Shop to include a kitchen and grill. The first case arose from an application for special exception dated April 12, 1990 to provide for such renovations applied for because the Town's Zoning Enforcement Officer had refused to grant a building permit for such renovations despite a 1967 Special Exception for a golf course allowing for food service incidental to that use. Triangulum Associates appealed from that decision to this court in July, 1990.
While that appeal was pending, on August 7, 1990 Triangulum Associates applied to the Zoning Enforcement Officer for a zoning permit for purposes of renovation and remodeling of Heritage Village Golf Clubhouse including the grill and kitchen area. The Zoning Enforcement Officer denied the request, basing his reasons on the previous denial of a special exception. Appellant appealed the decision of the Zoning Enforcement Officer to the Board, which upheld the denial by the Zoning Enforcement Officer for a Zoning Permit. Appellants appealed that decision to this court in October of 1990.
Both appeals are consolidated for trial, as the same issues are involved in both.
The court heard testimony from Curtis McGann, a partner in Triangulum Associates, a Connecticut Limited Partnership which presently owns the Pro Shop and Country Restaurant. Triangulum Associates is a partnership formed in 1972, and is a successor to Heritage Village, a joint venture. The court finds that Triangulum Associates is aggrieved by the decisions of the Board.
FACTS:
In 1967 Heritage Village joint venture, which was later succeeded by Triangulum Associates, a partnership, applied for a special exception permit to convert the former Krueger residence and accessory building ("barn") into a golf club house and pro shop so as to permit a fully functional golf club in an R30A Zone under then Section 5 of the Southbury Zoning Regulations, now closely paralleled by Section 6.7.2 of said regulations. This special exception permit was granted subject to the following conditions and limitations (among others):
The furnishing of meals, refreshments, beverages and entertainment shall only be incidental to the conduct of the club. The use of these facilities as a public restaurant is prohibited. Advertising of meals, refreshments, beverages etc. be permitted only on the premises. CT Page 4863
The present section of the Southbury Zoning Regulations governing special exception permits for golf courses is as follows:
 6.7 Golf, Tennis and Swimming Clubs: Golf, tennis, swimming or similar clubs, whether conducted as a business or for profit or not, shall conform to the following special standards:
 6.7.1 The club shall be located on a lot of at least five (5) acres if in a Residential District or at least two (2) acres if in an Industrial M-2 District, and no building shall be located within less than 75 feet of any street line or within less than 150 feet of any property line.
 6.7.2 The furnishing of meals, refreshments, beverages and entertainment shall be only incidental to the conduct of the club, and there shall be no furnishing of rooms except for accommodations for employees for employees of the club.
The original special exception permit has never been revoked and the area is and has been continuously operated as the Heritage Village Golf Course.
In 1983 Triangulum Associates, successor to Heritage Village joint venture applied for and received a Planned Development Unit and Special Exception allowing the operation of the formerly so-called Krueger residence on the property in question to be operated as a public restaurant known as the Country Tavern surrounded by the golf course. The Planned Development Unit and Special Exception were subject to the following conditions and safeguards:
 1. that the land and buildings that constitute the "Country Tavern" be in the same ownership as the golf course or club, subject, however to rights and privileges of separate mortgagees;
 2. that the furnishing of meals, refreshments and beverages be continued golfers in season as a daytime adjunct to the golf course; CT Page 4864
 3. that no music or similar entertainment be provided out-of-doors by persons or outdoor sound speakers, and that the music or other entertainment provided not exceed the ambient levels of sound measured both day and night at the property line of the owner, which requirements are the minimum necessary to comply with Par. 1.4.3 of the Zoning Regulations;
 4. that advertising for the "Country Tavern" be limited to the restaurant and golf course functions so as to avoid inducement of vehicular traffic to the residential community and neighborhood of Heritage Village;
 5. that the stipulations set forth in Finding A-2 are met.
Finding A is as follows:
A. The Board makes the following findings with regard to the Application:
 1. The furnishing of meals, refreshments and beverages at the "Country Tavern" is important as an adjunct to the use and enjoyment of the golf course or club for which a Special Exception has been granted, and additional use of the "Country Tavern" as a public restaurant is consistent with the golf course use.
 2. The applicant for the PDU has submitted a "Statement of Use and Report as to Purpose of Planned Development (Sections 14.2.2a and 12.3.1" which contains the following stipulations:
 a. that the traditional quiet country atmosphere of a country restaurant is to be maintained, and private rooms for special parties will continue to be available;
b. that entertainment will be CT Page 4865 limited to the type previously performed there, such as piano music in the lounge at appropriate times; and
 c. that there will be no expansion of the present use and no expansion or structural change in the existing building.
From 1984 to 1990, the Heritage Village Golf Club has had health permits from the Town or Health District allowing food service of a limited nature in the Pro Shop or Krueger "barn" facility.
The special exception originally granted to Heritage Village, predecessor in title and interest to appellant specifically allowed under Section 6.7.2 the furnishing of meals incidental to the specially excepted use as a golf course. This was not limited to one building. Rather the permit was granted to convert the former Krueger residence and accessory building into a golf clubhouse and pro shop so as to permit a fully functional golf club. At a later date, 1983, the Zoning Board allowed the expansion of the use of the Krueger residence into a public restaurant by granting a PDU allowing it to advertise as such. However, the Board never revoked the original special exception permit of 1967. Further, food service has taken place in the "pro shop" since 1983 in keeping with the 1967 special exception permit. What is sought here is a renovation and not an expansion. Indeed, seating in the grill area will be lessened rather than expanded.
Agencies do not have discretion to deny an application that satisfies all the criteria required for commission action. Sheridan v. Planning Board of Stamford, 159 Conn. 1 (1970).
Whenever possible, the language of the Zoning Regulations will be construed so that no clause is deemed superfluous, void or insignificant. The regulations must be interpreted so as to reconcile their provisions and make them operative as far as possible. When more than one construction is possible, the court will adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results. Planning Zoning Commission v. Gilbert, 208 Conn. 696,705 (1988).
The court finds that appellant has sustained its burden of proving that the Zoning Board of Appeals acted so arbitrarily and unreasonably as to abuse the discretion vested in it. Therefore, the appeal is sustained and the Zoning Board of Appeals decided to grant permits to allow the renovation to the kitchen and grill of CT Page 4866 the Heritage Village Golf Club.
/s/ KULAWIZ, J.